(October 28, 1999)

■ In the Matter of ERIK M., a Person Alleged to be a Juvenile Delinquent, Appellant. [697 NYS2d 35] —Order of disposition, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about February 3, 1997, which adjudicated appellant a juvenile delinquent and placed him with the Division for Youth for a period of 15 months upon a fact-finding determination that appellant committed acts which, if committed by an adult, would constitute criminal possession of a controlled substance in the third, fifth and seventh degrees and criminal use of drug paraphernalia in the second degree, unanimously reversed, on the law and the facts, without costs, the motion to suppress granted, and the petition dismissed. Appeals from orders, same court and Judge, entered on or about January 24 and February 19, 1997, unanimously dismissed, without costs.

It is a basic tenet of constitutional law that, absent a search warrant, a search is unreasonable unless it falls within one of the specifically recognized exceptions to the warrant requirement (*People v Hodge*, 44 NY2d 553, 557). The presentment agency argues that the police conduct in this case falls within the scope of one of those exceptions, namely, that it was a permissible administrative search. We cannot agree.

The search at issue in this case, which was rooted in the investigation of the apparent suicide of a young woman, does not fall within the parameters of the exception permitting warrantless searches for administrative purposes (*see, New York v Burger*, 482 US 691; *Donovan v Dewey*, 452 US 594; *Camara v*

*Municipal Ct.*, 387 US 523). Nor can it be said that there was any exigency justifying a warrantless search since the police could easily have secured the apartment and obtained a warrant. Additionally, contrary to the conclusion of Family Court, this search did not fall within the parameters of a valid inventory search (*see, Illinois v Lafayette*, 462 US 640; *South Dakota v Opperman*, 428 US 364).

Accordingly, since the presentment agency has failed to demonstrate that the search in this case fell within any recognized exception to the warrant requirement, suppression of the items found in appellant's dresser drawer is mandated. Concur—Ellerin, P. J., Tom, Wallach and Friedman, JJ.